# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN

IMRAN NIAZI,

        Plaintiff,

v.

MEDTRONIC, INC.,

        Defendant.

Case No. 3:17-cv-00283-JDP

## DEFENDANT MEDTRONIC INC.'S MOTION TO DISMISS OR TRANSFER DUE TO IMPROPER VENUE

## TABLE OF CONTENTS

**Page**

I. Introduction ...........................................................................................................................1

II. Background ...........................................................................................................................1

III. Legal Standard ......................................................................................................................2

IV. Argument ..............................................................................................................................3

1. Medtronic does not "reside" in this District. ........................................................................3

2. Medtronic does not have a "regular and established place of business" in this District. ...................................................................................................................................4

V. Conclusion ............................................................................................................................6

# **TABLE OF AUTHORITIES**

**Page(s)**

*Atlantic Marine Constr. Co. v. United States Dist. Court for the W. Dist. of Tex.*,
   134 S. Ct. 568 (2013) ............................................................................................................. 2

*In re Cordis Corp.*,
   769 F.2d 733 (Fed. Cir. 1985) ................................................................................................ 4

*Dual Mfg. & Eng'g, Inc. v. Burris Indus., Inc.*,
   531 F.2d 1382 (7th Cir. 1976) ................................................................................................ 4

*Fourco Glass Co. v. Transmirra Prods. Corp.*,
   353 U.S. 222 (1957) ................................................................................................................ 4

*Grantham v. Challenge-Cook Bros.*,
   420 F.2d 1182 (7th Cir. 1969) ............................................................................................. 3, 5

*Knapp-Monarch Co. v. Casco Prod. Corp.*,
   342 F.2d 622 (7th Cir. 1965) ............................................................................................... 4, 5

*Koch v. Fond du Lac Cty. Sheriff's Dep't*,
   No. 12-CV-749-WMC, 2014 WL 1350508 (W.D. Wis. Apr. 4, 2014) .................................... 3

*Latino Food Marketers, LLC v. Ole Mexican Foods, Inc.*,
   No. 03-C-0190-C, 2003 WL 23220142 (W.D. Wis. Aug. 20, 2003) ........................................ 3

*Michod v. Walker Magnetics Grp., Inc.*,
   115 F.R.D. 345 (N.D. Ill. 1987) ............................................................................................... 5

*Roblor Mktg. Grp., Inc. v. GPS Indus., Inc.*,
   645 F. Supp. 2d 1130 (S.D. Fla. 2009) ................................................................................... 4

*Stickland v. Trion Grp., Inc.*,
   463 F. Supp. 2d 921 (E.D. Wis. 2006) .................................................................................... 3

*TC Heartland LLC v. Kraft Foods Group Brands LLC*,
   No. 16-341, 2017 WL 2216934 (U.S. May 22, 2017) ..................................................... 1, 2, 3

*In re TS Tech USA Corp.*,
   551 F.3d 1315 (Fed. Cir. 2008) ............................................................................................... 4

*Univ. of Ill. Found. v. Channel Master Corp.*,
   382 F.2d 514 (7th Cir. 1967) ................................................................................................... 5

**Statutes**

28 U.S.C. § 1391(c) ...................................................................................................................1

28 U.S.C. § 1400(b) ........................................................................................................... *passim*

28 U.S.C. § 1406........................................................................................................................2

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(3) .................................................................................1

15 Wright & Miller, Federal Practice and Procedure § 3826 (4th ed. 2017)...................................3

## I. INTRODUCTION

Defendant Medtronic, Inc. ("Medtronic") respectfully requests that the Court dismiss this case under Federal Rule of Civil Procedure 12(b)(3) because venue in this jurisdiction is improper under 28 U.S.C. § 1400(b). Pursuant to *TC Heartland LLC v. Kraft Foods Group Brands LLC*, No. 16-341, 2017 WL 2216934 (U.S. May 22, 2017), venue in a patent case is proper only if the defendant is incorporated ("resides") in the district, *or* if the defendant has committed an act of infringement in the district *and* has a "regular and established place of business" here. 2017 WL 2216934, at *3, *8; 28 U.S.C. § 1400(b). As discussed below, Plaintiff Imran Niazi ("Dr. Niazi") does not plead any facts in his Complaint to establish venue, as now required by *TC Heartland*, nor could he. Under governing Supreme Court and Seventh Circuit law, Medtronic neither resides in this District nor has any regular and established place of business here. Accordingly, Medtronic respectfully requests that the Court either dismiss Plaintiff Imran Niazi's Complaint or transfer the case to the District of Minnesota, where the venue requirements could be satisfied.

## II. BACKGROUND

On April 13, 2017, Dr. Niazi filed this action against Medtronic, asserting a single claim for infringement of U.S. Patent No. 6,638,268. The Complaint alleges that Dr. Niazi is a resident of River Hills, Wisconsin. (Compl. ¶ 1.) The Complaint does not allege that Medtronic resides in Wisconsin, nor does it allege that Medtronic has a regular and established place of business within this District. Rather, the Complaint asserts that venue is proper in this District pursuant to 28 U.S.C. §§ 1391(c) and 1400(b) because "[u]pon information and belief, Medtronic regularly conducts business in this District and has sold and/or offered for sale products that infringe the '268 patent in this District." (*Id.* ¶ 6.) After *TC Heartland*, that is no longer the standard.

As the Complaint acknowledges, Medtronic is in fact both incorporated and headquartered in Minnesota. (*Id.* ¶ 2 ("Medtronic, Inc. is a Minnesota corporation with a principal place of business at 710 Medtronic Parkway, Minneapolis, Minnesota 55432.").) Further, Medtronic has no regular or established place of business in the Western District of Wisconsin. It neither leases nor owns any real estate here, nor does it have regular place of business within this District. Rasmusen Decl. ¶¶ 2-3. Only one Medtronic employee works in this District—an information technology specialist who works from home and serves only other Medtronic employees. Zacharias Decl. ¶¶ 2-3. That employee's work does not involve the products accused in this case. *Id.* ¶ 3.

### III. LEGAL STANDARD

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406. Dismissal under this statute is appropriate "when venue is 'wrong' or 'improper,'" and "[w]hether venue is 'wrong' or 'improper' depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws." *Atlantic Marine Constr. Co. v. United States Dist. Court for the W. Dist. of Tex.*, 134 S. Ct. 568, 577 (2013).

The patent venue statute provides a two-pronged test for determining whether venue is appropriate: "Any civil action for patent infringement may be brought [1] in the judicial district where the defendant resides, or [2] where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b) (numbering added). In *TC Heartland*, the Supreme Court determined that "'reside[nce]' in § 1400(b) refers only to the State of incorporation." 2017 WL 2216934, at *8.

The governing circuit law indicates that the burden of establishing proper venue rests with the plaintiff. *See Latino Food Marketers, LLC v. Ole Mexican Foods, Inc.*, No. 03-C-0190-C, 2003 WL 23220142, at *2 (W.D. Wis. Aug. 20, 2003) ("When a defendant moves to dismiss for improper venue pursuant to Rule 12(b)(3), the plaintiff bears the burden of establishing that venue is proper.") (citing *Grantham v. Challenge-Cook Bros.*, 420 F.2d 1182, 1184 (7th Cir. 1969)); *Koch v. Fond du Lac Cty. Sheriff's Dep't*, No. 12-CV-749-WMC, 2014 WL 1350508, at *1 (W.D. Wis. Apr. 4, 2014). This view "is consistent with the plaintiff's threshold obligation to show that the case belongs in the particular district court in which suit has been instituted." 15 Wright & Miller, Federal Practice and Procedure § 3826 (4th ed. 2017); *but see Stickland v. Trion Grp., Inc.*, 463 F. Supp. 2d 921, 924-925 (E.D. Wis. 2006) (noting apparently conflicting Seventh Circuit law).

## IV. ARGUMENT

Medtronic does not reside in this District nor does it have a regular and established place of business here. Dr. Niazi pleads no facts to the contrary. Therefore, venue is improper and the Complaint should be dismissed or, alternatively, transferred to the District of Minnesota.

### 1. Medtronic does not "reside" in this District.

In *TC Heartland*, the Supreme Court held that "[a]s applied to domestic corporations, 'reside[nce]' in [28 U.S.C.] § 1400(b) refers *only* to the State of incorporation." 2017 WL 2216934, at *8 (emphasis added). As Dr. Niazi alleges in his Complaint, Medtronic "is a Minnesota corporation with a principal place of business at 710 Medtronic Parkway, Minneapolis, Minnesota 55432." (Compl. ¶ 2.) Because Medtronic's state of incorporation is not Wisconsin, there can be no dispute that proper venue cannot be established in this District under the first prong of Section 1400(b).

### 2. Medtronic does not have a "regular and established place of business" in this District.

Dr. Niazi also cannot meet the second prong of Section 1400(b), which provides for venue "in the judicial district where the defendant . . . has committed acts of infringement *and* has a regular and established place of business." 28 U.S.C. § 1400(b) (emphasis added). To the extent Dr. Niazi has alleged that Medtronic has committed any acts of infringement in this District, which Medtronic disputes, the operative question is whether Medtronic has a regular and established place of business here. Under this prong, a "defendant would have a regular and established place of business if it exercised control over the operation of a permanent office." *Dual Mfg. & Eng'g, Inc. v. Burris Indus., Inc.*, 531 F.2d 1382, 1388 (7th Cir. 1976); *see also Fourco Glass Co. v. Transmirra Prods. Corp.*, 353 U.S. 222, 225-226 (1957) (noting that venue is not proper where the defendant corporation is "merely 'doing business'"); *Knapp-Monarch Co. v. Casco Prod. Corp.*, 342 F.2d 622, 624-625 (7th Cir. 1965) ("doing business" test a lower standard than "regular and established place of business"); *cf. In re Cordis Corp.*, 769 F.2d 733, 737 (Fed. Cir. 1985).[1] Thus, a regular and established place of business under § 1400(b) requires that "a defendant . . . be regularly engaged in carrying on a substantial part of its ordinary business on a permanent basis in a physical location within the district over which it exercises some measure of control." *Roblor Mktg. Grp., Inc. v. GPS Indus., Inc.*, 645 F. Supp. 2d 1130, 1145 (S.D. Fla. 2009) (internal quotation marks and brackets omitted).

Medtronic has no permanent or physical presence in the Western District of Wisconsin. Medtronic does not own or lease any real estate in this District, nor does it maintain a business

---

[1] In matters of venue, which do "not involve substantive issues of patent law," the Federal Circuit applies regional circuit law—in this case, that of the Seventh Circuit. *See, e.g.*, *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008)

address therein. Rasmusen Decl. ¶¶ 2-3.[2] This is insufficient for venue: Medtronic has no place of business and no employee with any customer interaction whatsoever. *See, e.g.*, *Michod v. Walker Magnetics Grp., Inc.*, 115 F.R.D. 345, 347 (N.D. Ill. 1987) ("Courts have consistently held that an alleged patent infringer has a 'regular and established place of business' in a judicial district only if it actually has a ***place*** of business there; activities such as the maintenance of independent sales agents, visits by company representatives, and the solicitation of orders are not enough.").

Seventh Circuit case law makes clear that, even if certain aspects of "doing business" take place in a district, a company still may not have a "regular and established place of business" under § 1400(b). *See Grantham*, 420 F.2d at 1184-1185 (listing business activities, including maintaining an exclusive distributorship or independent sales representatives, that are insufficient to render venue proper under the "regular and established place of business" prong of § 1400(b)). Even in cases where the facts demonstrate many more business activities in the District than Medtronic's, courts have consistently found that venue is lacking where there is no place of business. *Id.* at 1185-1186 (manager residing in district and working out of home insufficient for venue); *Univ. of Ill. Found. v. Channel Master Corp*., 382 F.2d 514, 516 (7th Cir. 1967) (salesman working from home insufficient for venue); *Knapp-Monarch*, 342 F.2d at 625 (employing sales representative who rented space for business, maintaining bank account and listing in telephone book, and attending trade shows insufficient for "regular and established place of business"); *Michod*, 115 F.R.D. at 347 (no place of business in district, even where company had telephone listing and two commissioned sales agents who performed product

---

[2] While Medtronic has multiple employees who reside in the Western District of Wisconsin, it has only one employee who works in this District. That employee works remotely as an information technology specialist whose work is wholly internal to Medtronic. Zacharias Decl. ¶¶ 2-3. This comes nowhere close to a permanent business presence in the District.

demonstrations and attended trade shows in the district). Accordingly, Medtronic does not have "a regular and established place of business" in the District as would be necessary to establish proper venue.

## V. CONCLUSION

For the foregoing reasons, Medtronic respectfully requests that the Court dismiss the Complaint for improper venue or, alternatively, transfer this case to the District of Minnesota.

Dated: June 7, 2017　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　*s/ Christopher G. Hanewicz*
　　　　　　　　　　　　　　　　　　　　Mary (Mindy) V. Sooter (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　Nora Q. E. Passamaneck (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　Rebecca A. Bact (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　WILMER CUTLER PICKERING
　　　　　　　　　　　　　　　　　　　　HALE AND DORR LLP
　　　　　　　　　　　　　　　　　　　　1225 Seventeenth St., Suite 2600
　　　　　　　　　　　　　　　　　　　　Denver, CO 80202
　　　　　　　　　　　　　　　　　　　　Tel: (720) 274-3164
　　　　　　　　　　　　　　　　　　　　Mindy.Sooter@wilmerhale.com


　　　　　　　　　　　　　　　　　　　　Christopher G. Hanewicz
　　　　　　　　　　　　　　　　　　　　PERKINS COIE LLP1 East Main Street,
　　　　　　　　　　　　　　　　　　　　Suite 201
　　　　　　　　　　　　　　　　　　　　Madison, WI 53703
　　　　　　　　　　　　　　　　　　　　Tel: (608) 663-7460
　　　　　　　　　　　　　　　　　　　　Email: Chanewicz@perkinscoie.com

　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendant Medtronic Inc.*